Cindy Ortiz was convicted of one count of possession of methamphetamine with intent to distribute after a jury trial. The fighting issue at trial was whether she had the intent to distribute this methamphetamine. On appeal, she raises two challenges arguing she is entitled to reverse and remand for a retrial. The first issue, which I intend to spend most of my time focusing on today, is that the introduction repeatedly of evidence that Ms. Ortiz refused to consent to a search of the backpacks where the methamphetamine was found and her request for an attorney violated Federal Rule of Evidence 403. The second issue, which I will address if there is time, but I'm happy to answer questions on, is that the exclusion of reverse 404B evidence as to Mr. Veda, specifically his prior conviction for distribution of methamphetamine, was also reversible error. Can you, since you're starting with the issue, help me understand what the objection was  The objection was Rule 403. That was made only at trial, right? Correct. So there was a motion in Lemonade that related, I think, to text messages. Correct. And I think the advice given at that point was a withhold ruling on that, is that correct? You need to object at trial and you can make a record thereafter, is that correct? With regard to the text messages, yes. And we're not challenging the text messages now as part of her appeal. So the only thing discussed pre-trial was these text messages. Let me ask you quickly. I understood by the time we were done with the words 403 and hearsay were said, right? Yes, that's correct. Okay, good. Yes. So you think those are preserved, correct? Yes, and we're not raising a hearsay challenge here. Right. And do you agree that no constitutional claim was raised at trial? Correct. So that's plain error? If we were raising a straight-up constitutional claim, which we're not, it would be plain error. Perceived, yeah. And I'll just dig right into plain error and the question of the first version. Yes, you know where I was going. Go ahead. I think if we had, it's possible we could have made a constitutional claim. I don't know that I've ever seen a trial where someone objected on Fourth Amendment grounds to evidence, but probably would have given us, quite frankly, a better standard of review on appeal. But the way it was preserved and the way we're arguing it on appeal is Rule 403. Now, and there are other courts, the cases we've cited, the Ely case and the Thomas case, do analyze these types of challenges under Rule 403. Eligible state court cases. Correct. Correct. So what is the prejudice you're alleging under 403? The prejudice versus the concept of, well, there's harmless error, which I can get to, and whether that actually prejudiced and had an impact on the trial. But as far as just prejudice in general, when we're not raising a constitutional claim, a separate constitutional claim, it is critical to the Rule 403 analysis. And that we have, as individuals, a right to not consent to a search. That law enforcement has to get a warrant. And when someone's being punished for exercising that constitutional right, as many other courts have acknowledged when analyzing this issue, it is prejudicial and harmful when you're punishing someone for exercising that right. So my question is, how is the district court supposed to understand that that was the prejudice? And I understand it's your client's rights that are fundamentally at issue. But preservation of those arguments and presentation to the district court in the first instance is important. Correct. And when I read the transcript and the record and the briefs, how was the district court supposed to understand that this was the prejudice that was being argued? Especially when this circuit has not addressed the merits of that claim head on? I think when thinking of the question, it wasn't a long, complicated, convoluted question. It was a direct question of, did she consent to the search? I'm paraphrasing, but essentially it was just asking. I think most, if not all, district court judges, when someone is objecting under Rule 403, that essentially saying this is really bad and shouldn't be coming in, it's clear they're objecting to the comment on the refusal to consent to a search. Now, the council had an opportunity to go on the record after the jury was excused, is that right? Or at a sidebar? Was there a question offered afterwards? Do you want to supplement the record? So I don't know how clear that is. I don't know if the court was referencing. Obviously, there was an opportunity to say something, but I don't know if when the court, the district court asked that question. To me, it appears the district court was referencing what Your Honor has already mentioned, this text messages discussion where there was a pretrial motion in lemonade and the court references that text message discussion. But I think that's just a dangerous path to go down. I think most trial attorneys know if you want to preserve an objection, you have to make the objection at the time. So I would urge this court not to say, okay, to preserve an objection, it's not enough to object at the time. You then also have to bring it up later after your objection has already been overruled and make a further record and try to get maybe the district court to change their mind when they've already ruled against you. Is there any case law out there that describes how specific a 403 objection needs to be? In other words, you can imagine different sorts of prejudice. And you can understand the district court misinterpreting prejudice or interpreting prejudice in one way and all of us here on appeal interpreting it in another way. Is there any cases directly on point? Not that I am aware of, Your Honor. The only thing I know for certain is that speaking objections are obviously highly discouraged and wouldn't want someone going. I don't think any district court judge in Iowa would allow someone to kind of in the middle of violation of Rule 403. What about the fact that defense counsel went into this later and asked witnesses, and I think maybe even asked your client about the consent issue? How do you see that as playing into the analysis? So I don't think it plays into this error preservation or any kind of forfeiture issue at all. I think this is something that trial attorneys have to deal with on a regular basis. They make an objection, they might lose. They don't have to then just ignore it. You play the cards you're dealt. Exactly, yes. So by then, you know, commenting on it, maybe trying to provide an alternative explanation, you're not somehow forfeiting that objection that you've already preserved by objecting when it came in on the first instance. What's our closest case, counsel? I don't have a closest case from the Eighth Circuit. I note that this court has discussed in prior cases that it hasn't specifically decided this issue one way or another. I was thinking about the prejudice and the whole, every prong of plain error. What do you think the closest case is? For plain error on this issue? Yes. I don't know of an Eighth Circuit case that's closest on plain error on this issue. But I would note that there are, and we've cited other cases, especially since this hasn't really, as the court has acknowledged, been addressed here in the Eighth Circuit, several other cases, notably state cases where this court has reversed, or where the appellate courts have reversed, noting how prejudicial this evidence can be and that it's not relevant. But, and I would also note, while there are circuit courts that have addressed this, and I would disagree that there's really a circuit split on this issue, but the circuit courts that have addressed this have declined to reverse finding harmless error. The main part of that harmless error analysis for these circuit decisions is, well, it's a one-off. It was one question, it's mentioned once, and that was the end of it. Those aren't the circumstances we have here. We have two separate law enforcement officers who testified that she refused to consent. We have, she was cross-examined on this. And I think most critically, we have the prosecutor arguing during closing argument that this can be considered as evidence of guilt. So it's not like those other cases where they've declined to reverse because it didn't really come up that much during trial. And that, to me, is really kind of the crux of the prejudice argument, because ordinarily you'd look at it and you'd say, yeah, she declined to offer up the search of the bags, a warrant is obtained, and the contraband is found, right? And that's kind of what it is. And if it doesn't come back in as an argument as to evidence of knowledge of guilt, right? Correct. Then really there can't be any prejudice. And so, I mean, or very limited prejudice, unless you want to make some argument that it ought to be structural error because of the constitutional nature of the claim. But in the end, you know, the contraband was going to be found. And if that's all they left it with, then you'd have, you know, a different case. But here, they do in fact argue that you can consider the declination to allow the consent search of the bags as evidence of guilt, right? And that argument seems to me not even all that obliquely raised. It seems rather directly raised. Correct. Okay. How would you put all of that together in the prejudice analysis? Because in the end, they still did have the warrant. They still were going to find the contraband. And there is substantial evidence of guilt then at that point. And, you know, so how did it really affect the verdict? It directly contradicted her theory of the defense, which obviously there is another individual who was found deceased in this hotel room. There's indications that this individual at the very least was using methamphetamine. So her theory or her statement and her testimony that she came in panicked, her testimony, she never testified at least to these two large baggies. This was my methamphetamine. She testified, I came in, saw a large amount of meth, panicked, put it in my backpack. She had also told law enforcement, pointed out some things she had found when they first came in, like the firearm and other, I think, drug paraphernalia. So it really hurts her argument to say, no, I just came in and I panicked and this is what happened, for them to be able to say, she's more calculating. This was not what was happening here. She knew exactly what was in there and she didn't want law enforcement to see it. This wasn't just a woman under duress. Kind of true except for the fact that if that was her theory, she didn't know the drugs were in there because she had panicked and put them in there, right? I think she testified she saw them. So she saw it, recognized it was methamphetamine, panicked, and then put them in the backpacks. Right. But whenever she discovered that the drugs were there, she knew the drugs were there and where they were when she said, all but the bags. Correct. Which I think is why she really didn't challenge possession at all. It was just a question of whether it was hers from the jump and she was actually intending to distribute it as opposed to someone who just came across a very awful situation, panicked, and tried to hide them in a backpack. Three witnesses mentioned this, right? Yes, including her. Okay, right. I was going to say that. One, she was asked by defense counsel about it? I don't know. How did that come out? Did defense counsel ask one of the questions where it came out? I think defense counsel was asked about did you consent to them looking at your text messages. So there was questions about what did you agree to. I don't know if it exactly went into what did you not agree to. It was definitely brought up on cross by the prosecution as far as did you consent to a search when law enforcement asked. But I think at that point that goes into what we were discussing earlier, which is if this evidence has already come in, an objection to it has already been overruled. A defense counsel just has to try to make due with it. If there are no immediate questions, I would reserve the remainder of my time for rebuttal. You may. Thank you. Mr. Ashley. Thank you, Your Honor. May it please the court and counsel. Ms. Ortiz was convicted by a jury of possession with intent to distribute methamphetamine after officers found a pound and a half of methamphetamine in her bag, a scale, empty small plastic baggies, and other evidence of distribution. This court should affirm that conviction and reject the evidentiary challenges that Ms. Ortiz now raises on appeal. Like Ms. Quick, I'm going to focus today on the plain error argument and then also on the alleged 403 violation in regard to the Fourth Amendment refusal. Am I summarizing your position fairly if I say that the government's position is there may have been error, but if there was, it wasn't plain? Not conceding the error, but assuming there was error, it wasn't plain. That's correct, Your Honor. And unless you would like me to address this now, I'll actually address why there may not be an error here at all later. I have a hard time seeing the probative value. I mean, as Judge Erickson said, you know, in a certain context, there might be limited prejudice here. But, I mean, what is the relevance of the denial of consent, period? I mean, we would have avoided a lot of this if he just said, well, then I went and got a warrant instead of, she told me I couldn't search the bag, so then I went and got a warrant. I mean, what? I'd point the court to the Fourth Circuit and Tenth Circuit opinions cited in the government brief, and I'll specifically point you to two Fourth Circuit cases, those being Tucker and McNatt. And essentially what the Fourth and Tenth Circuit has said is that in the Fourth Amendment context, we're going to adopt a case-by-case analysis, similar to the analysis that this court employs in the Fifth Amendment context when reviewing Doyle violations. And what the Fourth Circuit has said in both Tucker and McNatt is when the defendant is blaming somebody else for drugs that are found in a premises that the defendant has refused consent to a warrantless search for, that it is fair game at that point for the government to respond by introducing the refusal. And so in Tucker, the defendant blamed his wife for drugs that were in his residence. At that point, the Fourth Circuit said it was appropriate for the government to ask on direct or illicit testimony concerning the defendant's refusal to consent to a warrantless search of that residence. Likewise, in McNatt, the defendant claimed that a police officer had planted drugs in his vehicle, and the Fourth Circuit said there that because of that defense, it was fair game for the government to elicit testimony like that elicited here. Counsel, is that at odds with our Capecchi case, which all but says, you know what it says, particularly the footnote, but all but says it's protected by the Fourth Amendment, and it's error per se, improper per se? I believe what Capecchi said in the footnote was that this court had not decided yet whether it would be improper per se. I do think an outright rule that it is always improper would be at odds with this court's jurisprudence under the Fifth Amendment. And I think at minimum, to the extent this court felt it necessary to consider a rule on this topic, that a case-by-case analysis is the right approach. And if that approach were used here, again, relying on the Fourth and Tenth Circuit cases. So you say the Ninth and Third Circuits are just wrong. Well. Are my notes right that those two say refusal to consider warrantless search, I'm quoting, is the reason I'm going so fast, is privilege conduct which cannot be considered as evidence of criminal wrongdoing, period. I do think both the Third and Ninth Circuits, if presented with the right facts, would consider whether to. In light of that black letter, counsel. Yes. I do still think that presented with the right set of facts, the Third or Ninth Circuit would perhaps walk that back slightly. If presented with facts similar to those here. I also think the response, or it was also fair game here for the government to elicit this testimony, not only because Ms. Ortiz's entire defense was, or from the get-go was, it was Mr. Veda's drugs, but also because she pointed out repeatedly that she had cooperated in certain ways with law enforcement. She pointed out that she had pointed out the gun, that she'd allowed them to copy text messages from her phone, that she consented to a search of the bags in the bathroom of the hotel room, and that she consented to a search of the vehicle. And in closing, in fact, at page 290, her attorney actually pointed out that she consented to a search of the bag in the bathroom. And then he said, so she's not trying to hide that, the evidence in those bags. If you're a drug dealer, does that make sense? I suggest not. So her argument at base was, because I am cooperating, because I'm helping law enforcement in certain ways, I cannot be a drug dealer, I cannot be intending to. But what about the argument that her defense changed after the, you know, after the additional ruling? The entire trial changed at that point. The consent was in. At that point, both sides are free to play with the rules that the district court has set. So, I mean, defense counsel did what it had to do, but then it goes back to whether or not the initial objection was preserved. I think that's right, Your Honor. I don't think any party, or the district court in this case, understood the argument that is now being raised. I think that's right. But isn't it fairly obvious when you've got, it strikes me as obvious, it's easy to say sitting here months after the fact, with a fully developed record. But counsel for the defendant basically suggested, come on, you're commenting on a constitutional error. Why isn't that plain an obvious error, setting aside the other elements of the plain error analysis? Well, and I interpret your question to be essentially, why did the district court not perceive this problem? And I think the reason, to some extent, is twofold. One, the question here, and this is the first question, the only one that had an objection, is basically between pages 112 to 116 of the transcript. I think the specific question was not as clear as Ms. Quick indicated a moment ago. I think it was a little more broad. What do you have in front of you? I do have it in front of me, Your Honor. Well, if you do, go ahead and read it. It can't be that long wasted. Give me just a second. The question was, and so I'll back up. No, no, no. Read the question first, counsel. Okay. Please. The entire exchange starts at page 112. The question that was objected to, I believe, is at page 115. And it says, can you explain what happened or what transpired during the course of you requesting the search? So it was not as clear as, did she consent to the search? It was a little more broad and arguably compound. I think that's one reason why the district court may not have picked up on it immediately. I think, more importantly, the context is key here. The district court here had heard at the final pretrial conference that the defense would be objecting to the text messages. The text messages are offered, and the defense at that point preserves their objection. And they object on hearsay in 403. And that's really all they said, we object on hearsay in 403. Which complied with the court's pretrial order, right? Exactly, and the court overruled. And then moments later, the question I just read was asked, and there's an objection. And it's, again, hearsay in 403 without any elaboration. I also think it's important to hear what the district court did both during the pretrial conference and later during the next break at trial. So during the pretrial conference, the district court advised the parties essentially of the rules that would be governing trial as far as objections go. And she said at page 32 and 33 of the transcript that you make your objection. I don't like speaking objections. But if you want a further record, ask for a sidebar or wait until the next break. And so to the extent that an additional record or preservation effort was needed, the defense attorney could have asked for a sidebar at that very moment to preserve it cleanly. But even then, the district court, and this is a transcript, page 135, in fact gave the defendant an opportunity to make a further record. And she said, and this I think really nails down that the district court was interpreting the objections as referring back to the final pretrial conference. She said, quote, you made some hearsay objections and 403 objections consistent with the discussions that we had at our final pretrial conference. Would you like to make further record? No. And so it is clear the district court, whether or not we can read the cold record now and perceive this constitutional issue, the district court did not perceive that issue at the time. And it was never raised again during the three other instances after that time when this was elicited by the government or argued in closing. I'm running out of time here. I'd like to very quickly just address a few different points that were addressed during Ms. Quick's argument. First of all, she mentions the state court cases of Ely and Thomas from Illinois and Iowa, respectively. Those cases, at least as far as plain error goes and 403 goes, although the appellate courts there mentioned 403, one reason they did so was the vigorous efforts of the defendants at trial to make those arguments. And so in Thomas, there was actually a motion in Lemonet raising the constitutional issues that are now being raised on appeal. And in Ely, the appellate court actually says the defendant repeatedly and continuously objected at trial on the constitutional grounds. And then the appellate courts did refer to 403. But there is no federal case that the government is aware of that considered 403 in this context or allowed a bootstrapping, essentially, of an unraised constitutional argument or unmentioned constitutional argument to later be raised on appeal through 403. I do think the two cases I'd point this court to that address or that are most closely analogous to this case would be Helmel and Bruno makes no room for them. In those cases, the defendants objected generally to topics at trial. And then this court said on appeal to specific arguments that were not mentioned at trial that those arguments were not preserved and should be reviewed for plain error. I'd also like to just quickly address the potential harmlessness of this outcome or of the questions in the testimony listed here and the cases that are cited in the government's brief. So there are, in fact, cases where courts have considered similar facts to those presented here where there's multiple instances of testimony being elicited and argument during closing about the defendant's refusal to consent to search. And appellate courts have said either it did not affect substantial rights or that it was just entirely harmless. And the cases I'd point you to are Rios from the 11th Circuit and Marino from the 7th Circuit and then Thame from the 3rd Circuit, even though the 3rd Circuit there did say it is improper to ask these questions. The court did, in fact, not reverse on plain error review. In Rios and Marino seemed to be the most in line by my reading. In both Rios and in Marino, there were, I think, multiple instances of testimony being elicited and then closing argument similar to what we had here. In Rios, actually, there was even rebuttal closing argument on this point, which we don't have in this case. Your Honors, I believe I've exhausted the points I would have hoped to make today. Again, the government would just argue that the arguments being presented here as to the Fourth Amendment concern were not preserved. It should be reviewed for plain error. There is no plain error here. If there are no other questions on the remaining issues, I'll concede the rest of my time. Thank you, Counsel. Ms. Quick. Thank you. Turning to, first, the issue of objection and what is necessary, the cases that the government cites in their briefing aren't on point for this question. Notably, Carter, one of the cases they cite that says you haven't preserved error because you're trying to raise a new argument. What you often see on appeal is where someone, a defense counsel, makes an objection on hearsay and then on appeal tries to also raise a separate confrontation clause claim. They're saying, that's not the objection. That's not what you argued. We're limited. You can't raise a new whole different argument based off of just the fact that you objected. Here, the objection cited Rule 403. The argument on appeal is Rule 403. Obviously, the Rule 403 analysis is informed by the constitutional implications, but the objection was made, the rule of evidence was cited, and our position is that it was preserved for review. You addressed the Fourth Circuit cases and the argument that, based on your client's defense, this was admissible, the refusal to consent. I think counsel's painting with too broad of a brush. There is no case, these Fourth Circuit cases, these Tenth Circuit cases, that have said refusal to consent is admissible as evidence of guilt, full stop. As we acknowledge in our briefing, there are cases, these Fourth Circuit cases and these Tenth Circuit cases, that have said it's admissible in response to something. For example, in the 10th McNack case, a defense counsel coming in and saying, law enforcement planted it. Well, it's reasonable when you open that door to say, well, you're saying law enforcement planted it, but they asked you for consent to search and you objected. Or in a circumstance where it's necessary to show, if someone's challenging the propriety of the investigation, to show the steps the officers took. We're not disputing that those cases exist, but there is no case that says it is just admissible, full stop, as evidence of guilt, without some separate kind of factor. I think the closest case that would give me some pause is there's a Tenth Circuit case that says it's evidence of dominion and control of the area that they asked to get searched. I think that gets really close to the line of just saying the same thing as evidence of guilt. But still, it was admitted for that arguably limited purpose, and they found harmless error because it was entered for that purpose. Here, we've got a prosecutor argument during closing where they say it's evidence of guilt. If there are no further questions, I would ask this Court to reverse and remand for a new trial. Thank you. Thank counsel both for your arguments. Case 23-1249 is submitted for decision by the Court. Ms. McKee.